Whenever an act of an outrageous kind is (282) committed, and in order to its being punishable, the law requires a certain disposition of mind to accompany it. The act being once proved to be committed, the law will presume it done with that disposition till the defendant shows the contrary — as in the case of killing, that being proved, the law will presume it was done with malice prepense, till the contrary be shown by the evidence; so here, the law requiring the act of biting off the finger to be done on purpose, unlawfully, and with intent to maim, when the act itself is proved, the law will presume it was done on purpose, and with intent to maim, as it actually was a maim, till the evidence sheweth the contrary — such as that it was done by accident, or done in such a manner as was not likely to be attended with that effect; or that the act done was in pursuance of some office or sentence of the law, as slitting the nose, in the case of a conviction and judgment of forgery, by the proper officer; or that it was done for the necessary self-defense of the party, against some great bodily harm attempted by the person maimed, and that there was no other means of preventing the mischief, or other circumstances of the like kind.
No such circumstances of excuse or justification have appeared on the evidence in the present case. Had Nicholson made the first assault, perhaps it might have justified the other in beating him, but it could not justify a maim. Nicholson's behavior in the present case was surely very improper, but the defendant has carried his chastisement too far. This is a practice that ought to be discouraged, and if a sudden recounter shall be deemed sufficient to excuse the party maiming from the penalties of this branch of the act, it will be of very little avail; for then in every sudden affray the one party may bite off the nose, fingers, etc., of the other, and excuse himself by saying it was done in the heat of passion, upon a sudden affray. And though Nicholson would have no right to *Page 224 
complain, had he received a gentle scourging from the defendant, yet the other party being a man, as the evidence is, of very superior bodily powers, there cannot be the least excuse for acting as he has done.
The jury convicted the defendant, and he was fined £ 5, and sentenced to six months imprisonment, according to the act of Assembly.
See S. v. Irwin, ante, 112.
Cited: S. v. Crawford, 13 N.C. 426; S. v. Ormond, 18 N.C. 121; S. v.Skidmore, 87 N.C. 513.